UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARK PETROVICS,

                Plaintiff,

-against-

JRM CONSTRUCTION MANAGEMENT, LLC, 295 FIFTH AVE DEVELOPMENT OWNER LLC and MANHATTAN PROPERTIES I, LLC,

                Defendants.
-----------------------------------------------------------------

CASE NO. 23-cv-05116

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of the defendants, and as a result of violations of Sections 240(1), 241(6) and 200 of New York Labor Law, on June 1, 2022, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2) as plaintiff has not yet been granted the privilege of remaining permanently in the United States.

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

## III. THE PARTIES

5. At all times herein mentioned, plaintiff MARK PETROVICS was and still is a citizen and resident of Hungary.

6. The defendant JRM CONSTRUCTION MANAGEMENT, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

7. At all times herein mentioned, Joseph P. Roman is a member of defendant JRM CONSTRUCTION MANAGEMENT, LLC.

8. At all times herein mentioned, Joseph P. Roman was and still is a citizen of the State of New York.

9. At all times herein mentioned, James Connolly is a member of defendant JRM CONSTRUCTION MANAGEMENT, LLC.

10. At all times herein mentioned, James Connolly was and still is a citizen of the State of New York.

11. At all times herein mentioned, David McWilliams is a member of defendant JRM CONSTRUCTION MANAGEMENT, LLC.

12. At all times herein mentioned, David McWilliams was and still is a citizen of the State of New York.

13. The defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

14. At all times herein mentioned, William Brodsky is a member of defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

15. At all times herein mentioned, William Brodsky was and still is a citizen of the State of New York.

16. At all times herein mentioned, Elliot Ingerman is a member of defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

17. At all times herein mentioned, Elliot Ingerman was and still is a citizen of the State of New York.

18. The defendant MANHATTAN PROPERTIES I, LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

19. At all times herein mentioned, Louis Lombardi Jr. is a member of defendant MANHATTAN PROPERTIES I, LLC.

20. At all times herein mentioned, Louis Lombardi Jr. was and still is a citizen of the State of New York.

21. At all times herein mentioned, Thomas Randazzo is a member of defendant MANHATTAN PROPERTIES I, LLC.

22. At all times herein mentioned, Thomas Randazzo was and still is a citizen of the State of New York.

23. At all times herein mentioned, Conway R. Gnoza is a member of defendant MANHATTAN PROPERTIES I, LLC.

24. At all times herein mentioned, Conway R. Gnoza was and still is a citizen of the State of New York.

25. At all times herein mentioned, Claude Litton is a member of defendant MANHATTAN PROPERTIES I, LLC.

26. At all times herein mentioned, Claude Litton was and still is a citizen of the State of New York.

## IV. FACTUAL ALLEGATIONS

27. On June 1, 2022, plaintiff MARK PETROVICS was performing certain construction work at the premises known as 295 5th Avenue, New York, New York [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200, 240(1) and 241(6) et. seq., and is a person for whom the statutory rights and protection of those sections apply.

28. On June 1, 2022, plaintiff MARK PETROVICS was employed by Nolan Painting, Inc.

29. At all times mentioned, the subject premises was owned by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

30. At all times mentioned, the subject premises was leased by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

31. At all times mentioned, the subject premises was operated by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

32. At all times mentioned, the subject premises was controlled by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

33. At all times mentioned, the subject premises was maintained by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

34. At all times mentioned, the subject premises was managed by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

35. At all times mentioned, the subject premises was supervised by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

36. At all times mentioned, the subject premises was owned by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

37. At all times mentioned, the subject premises was leased by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

38. At all times mentioned, the subject premises was operated by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

39. At all times mentioned, the subject premises was controlled by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

40. At all times mentioned, the subject premises was maintained by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

41. At all times mentioned, the subject premises was managed by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

42. At all times mentioned, the subject premises was supervised by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

43. At all times mentioned, the subject premises was owned by defendant MANHATTAN PROPERTIES I, LLC.

44. At all times mentioned, the subject premises was leased by defendant MANHATTAN PROPERTIES I, LLC.

45. At all times mentioned, the subject premises was operated by defendant MANHATTAN PROPERTIES I, LLC.

46. At all times mentioned, the subject premises was controlled by defendant MANHATTAN PROPERTIES I, LLC.

47. At all times mentioned, the subject premises was maintained by defendant MANHATTAN PROPERTIES I, LLC.

48. At all times mentioned, the subject premises was managed by defendant MANHATTAN PROPERTIES I, LLC.

49. At all times mentioned, the subject premises was supervised by defendant MANHATTAN PROPERTIES I, LLC.

50. That at some point prior to June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC entered into an agreement with defendant JRM CONSTRUCTION MANAGEMENT, LLC, wherein and whereby it was agreed, among other things, that defendant JRM CONSTRUCTION MANAGEMENT, LLC would perform construction work and provide labor services at the subject premises.

51. That on June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC was the general contractor working at the subject premises for defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

52. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

53. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

54. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

55. That at some point prior to June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC entered into an agreement with defendant MANHATTAN PROPERTIES I, LLC, wherein and whereby it was agreed, among other things, that defendant MANHATTAN PROPERTIES I, LLC would perform construction work and provide labor services at the subject premises.

56. That on June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC was the general contractor working at the subject premises for defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

57. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

58. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

59. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

60. That at some point prior to June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC entered into an agreement with defendant JRM CONSTRUCTION MANAGEMENT, LLC, wherein and whereby it was agreed, among other things, that defendant JRM CONSTRUCTION MANAGEMENT, LLC would perform construction work and provide labor services at the subject premises.

61. That on June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC was the general contractor working at the subject premises for defendant MANHATTAN PROPERTIES I, LLC.

62. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

63. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

64. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

65. That at some point prior to June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC entered into an agreement with defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC, wherein and whereby it was agreed, among other things, that defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC would perform construction work and provide labor services at the subject premises.

66. That on June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC was the general contractor working at the subject premises for defendant MANHATTAN PROPERTIES I, LLC.

67. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

68. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

69. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

70. That at some point prior to June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC entered into an agreement with Nolan Painting, Inc., wherein and whereby it was agreed, among other things, that Nolan Painting, Inc. would perform construction work and provide labor services at the subject premises.

71. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

72. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

73. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

74. That at some point prior to June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC entered into an agreement with Nolan Painting, Inc., wherein and whereby it was agreed, among other things, that Nolan Painting, Inc. would perform construction work and provide labor services at the subject premises.

75. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

76. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

77. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

78. That at some point prior to June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC entered into an agreement with Nolan Painting, Inc., wherein and whereby it was agreed,

among other things, that Nolan Painting, Inc. would perform construction work and provide labor services at the subject premises.

79. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

80. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

81. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

82. That thereafter, and on or about June 1, 2022, Nolan Painting, Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JRM CONSTRUCTION MANAGEMENT, LLC.

83. That thereafter, and on or about June 1, 2022, Nolan Painting, Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

84. That thereafter, and on or about June 1, 2022, Nolan Painting, Inc. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MANHATTAN PROPERTIES I, LLC.

85. That thereafter, and on or about June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC was actually engaged in performing construction work and labor services

at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC.

86. That thereafter, and on or about June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MANHATTAN PROPERTIES I, LLC.

87. That thereafter, and on or about June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MANHATTAN PROPERTIES I, LLC.

88. That at all times herein mentioned, and on or about June 1, 2022, plaintiff MARK PETROVICS was actually engaged in the course of his employment as a construction laborer with Nolan Painting, Inc., which said contractor was engaged by defendant JRM CONSTRUCTION MANAGEMENT, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant JRM CONSTRUCTION MANAGEMENT, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

89. That at all times herein mentioned, and on or about June 1, 2022, plaintiff MARK PETROVICS was actually engaged in the course of his employment as a construction laborer with Nolan Painting, Inc., which said contractor was engaged by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC,

which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

90. That at all times herein mentioned, and on or about June 1, 2022, plaintiff MARK PETROVICS was actually engaged in the course of his employment as a construction laborer with Nolan Painting, Inc., which said contractor was engaged by defendant MANHATTAN PROPERTIES I, LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant MANHATTAN PROPERTIES I, LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

91. That on or about June 1, 2022, and while plaintiff MARK PETROVICS was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Nolan Painting, Inc., he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

92. That at all times herein mentioned, and on or about June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

93. That at all times herein mentioned, and on or about June 1, 2022, defendant JRM CONSTRUCTION MANAGEMENT, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

94. That at all times herein mentioned, and on or about June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

95. That at all times herein mentioned, and on or about June 1, 2022, defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

96. That at all times herein mentioned, and on or about June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

97. That at all times herein mentioned, and on or about June 1, 2022, defendant MANHATTAN PROPERTIES I, LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Nolan Painting, Inc., plaintiff's employer.

98. Defendant JRM CONSTRUCTION MANAGEMENT, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MARK PETROVICS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

99. Defendant JRM CONSTRUCTION MANAGEMENT, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or

guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

100. Defendant JRM CONSTRUCTION MANAGEMENT, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

101. Defendant JRM CONSTRUCTION MANAGEMENT, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

102. Defendant JRM CONSTRUCTION MANAGEMENT, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

103. Defendant JRM CONSTRUCTION MANAGEMENT, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

104. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MARK PETROVICS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

105. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring,

equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

106. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

107. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

108. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

109. Defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

110. Defendant MANHATTAN PROPERTIES I, LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MARK PETROVICS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

111. Defendant MANHATTAN PROPERTIES I, LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding

the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

112. Defendant MANHATTAN PROPERTIES I, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

113. Defendant MANHATTAN PROPERTIES I, LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

114. Defendant MANHATTAN PROPERTIES I, LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

115. Defendant MANHATTAN PROPERTIES I, LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

116. By reason of the foregoing, plaintiff MARK PETROVICS was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff MARK PETROVICS will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. FIRST CAUSE OF ACTION

117. The allegations of the preceding paragraphs are repeated here as if fully stated.

118. Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

119. Plaintiff has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

120. The allegations of the preceding paragraphs are repeated here as if fully stated.

121. On June 1, 2022, plaintiff MARK PETROVICS was a worker/laborer within the contemplation of Labor Law Sections 200, 240(1) and 241(6) et. seq., and is a person for whom the statutory rights and protections of those sections apply.

122. The work contracted for by the defendant JRM CONSTRUCTION MANAGEMENT, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor Law Sections 200, 240(1) and 241(6) et. seq.

123. The work contracted for by the defendant 295 FIFTH AVE DEVELOPMENT OWNER LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor Law Sections 200, 240(1) and 241(6) et. seq.

124. The work contracted for by the defendant MANHATTAN PROPERTIES I, LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor Law Sections 200, 240(1) and 241(6) et. seq.

125. Plaintiff was injured due to violations of New York Labor Law Sections 200, 240(1), and/or 241(6).

126. Plaintiff was injured due to violations of one or more sections of 12 NYCRR Part 23, the Industrial Code.

127. Plaintiff has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VII. DEMAND FOR TRIAL

128. Plaintiff demands a trial by jury for this action.

WHEREFORE, the plaintiff demands judgment against defendants for the First and Second causes of action in the amount of TWELVE MILLION ($12,000,000.00) DOLLARS; and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
June 16, 2023

By/Holly Ostrov Ronai (HO-3923)
RONAI & RONAI, L.L.P.
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK  CASE NO. 23-cv-05116

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK PETROVICS,

                Plaintiff,

  -against-

JRM CONSTRUCTION MANAGEMENT, LLC, 295 FIFTH AVE DEVELOPMENT OWNER LLC and MANHATTAN PROPERTIES I, LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT AND JURY DEMAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONAI & RONAI, L.L.P.
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777